UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    No. 14-cr-313 (MJD/LIB) (1)

          Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

Quentin Lee Strong, Sr.,

          Defendant.

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 24]. This case has been referred to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a pretrial motions hearing on November 17, 2014, regarding Defendants' pretrial discovery motions.[1] At the motions hearing, Defendant made an oral motion to suppress evidence obtained as a result of search and seizure; the Government did not object to the untimely motion. The Court allowed Defendant to make the untimely motion and ordered Defendant to file his motion papers by the end of the day November 17, 2014, and the Government to file its responsive papers by the end of the day November 18, 2014. The Court took Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 24], under advisement as of November 19, 2014.

For reasons discussed herein, the Court recommends **DENYING** Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 24].

---

[1] The Court addressed Defendant's pretrial discovery motions by separate Order, [Docket No. 28].

## I.      BACKGROUND

Defendant Quentin Lee Strong, Sr. ("Defendant") is charged with one count of felon in possession of firearm – armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153(a); one count of assault resulting in serious bodily harm, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a); and one count of discharge of a firearm during crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Indictment [Docket No. 10]).

Defendant moves the Court for an order suppressing all physical evidence obtained as a result of the search and seizure performed in connection with the present case, arguing (1) that the search warrant for Defendant's residence, executed on August 19, 2014, was unsupported by probable cause and was so deficient that no law enforcement officer could have reasonably relied on the warrant in good faith; and (2) that a law enforcement officer unlawfully observed what he believed to be a marijuana plant on Defendant's property and, in so observing, conducted an illegal, warrantless search of Defendant's property. (Def.'s Motion to Suppress [Docket No. 24], at 1). Defendant argues that law enforcement improperly relied on the warrantless observation of the suspected marijuana plant as a basis for obtaining a search warrant for Defendant's residence and that, as a result, the Court must suppress all evidence obtained as a result of the warrant as "fruit of the poisonous tree." (Id.)

At the November 17, 2014 motions hearing, Defendant represented that by the present motion, he seeks a four-corners review of the August 19, 2014 search warrant issued in connection with the present case. (Gov't Ex. 1).

### A.      Standard of Review

The Fourth Amendment guarantees the "right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. "An affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). Probable cause exists when "a practical, common-sense" evaluation of "all the circumstances set forth in the affidavit" demonstrates "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Gates, 462 U.S. at 231). "The existence of probable cause depends on whether, in the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (quoting United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995) (quoting, in turn, Gates, 462 U.S. at 238)).

As alluded to above, courts examine the sufficiency of a search warrant affidavit using "common sense and not a hypertechnical approach." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007) (citation and internal quotations omitted). "Therefore, '[w]hen the [issuing judge] relied solely upon the supporting affidavit to issue the warrant, only that information which is found in the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Wiley, No. 09-cr-239 (JRT/FLN), 2009 WL 5033956, at *2 (D. Minn. Dec. 15, 2009) (Tunheim, J.) (quoting Solomon, 432 F.3d at 827; edits in Wiley). "In ruling on a motion to suppress, probable cause is determined based on 'the information before the issuing judicial officer.'" United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009) (quoting

United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986)). Nevertheless, "[a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts,'" Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . [concluding]' that probable cause existed." Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

**B.     Analysis**

On August 19, 2014, Red Lake Department of Public Safety Criminal Investigator Paul Thomas Smith ("CI Smith") drafted an affidavit in support of an application for a search warrant for "Adrienne Johnson's residence"[2] in the McBride's neighborhood of Redby on the Red Lake Indian Reservation, 5th residence on the left south from highway 1, described as a single story residence with no garage. (Gov't Ex. 1, Attachment A). The warrant authorized law enforcement's search of the property for controlled substances and related paraphernalia and record keeping materials, firearms, electronic equipment and currency associated with drug trafficking, and other items. (Gov't Ex. 1, Attachment B).

In support of the application for the search warrant, CI Smith detailed his relevant background, training, and experience. (Gov't Ex. 1, Attachment C ¶¶ 1-2). CI Smith stated that on August 19, 2014, while on duty, dispatch advised that a woman had been shot in the leg in the McBride's neighborhood of Redby, on the Red Lake Indian Reservation. (Id. ¶ 4). CI Smith proceeded to the location where the victim was being treated for her gunshot injuries and observed that the victim had two holes in her left leg. (Id.) CI Smith stated that the victim was

---

[2] Representations by counsel on the record at the November 17, 2014 motions hearing and in their post-hearing briefing indicate that Defendant resided at the subject residence, and nothing in the record challenges counsels' representations that Defendant's residence was searched in connection with the present case.

crying and that the victim stated that Quentin Strong had shot her at the residence in the McBride's neighborhood, as reported via dispatch. (Id.)

CI Smith proceeded to the scene of the reported shooting, the residence in the McBride's neighborhood. (Id.) Upon arriving at the scene, responding officers advised CI Smith that they had located a .22 round at the residence. (Id.) Law enforcement officers at the scene advised CI Smith that they had cleared the residence for officer safety. (Id.) CI Smith observed a narcotics plant on the porch of the residence. (Id.)

Upon review of CI Smith's affidavit and attachments, the Court finds that the issuing judge of the Court of Indian Offenses, Red Lake Indian Jurisdiction had a sufficient basis upon which to conclude that probable cause existed for the issuance of the August 19, 2014 search warrant.

CI Smith's affidavit in support of the August 19, 2014 search warrant application articulates a sufficient basis upon which to find that probable cause – i.e., a "fair probability" – existed to conclude that the search would uncover evidence of a crime and to, accordingly, issue the warrant to search the subject residence. See Gates, 462 U.S. at 236. The affidavit articulates a sufficient basis upon which to conclude that a crime – the shooting – had indeed taken place, and a sufficient basis upon which to conclude that evidence of that crime may be recovered from Defendant's residence – the reported scene of the shooting. CI Smith detailed his interaction with the victim, his personal observation of her gunshot injuries, the fact that the victim identified Defendant's residence as the location of the shooting (and that the address matched the address reported by dispatch), the fact that responding officers located a .22 round outside of Defendant's residence, and the fact that the victim identified Defendant as her shooter. The affidavit

articulates sufficient facts to conclude that there was a fair probability that law enforcement would find evidence of a crime in the residence.

Defendant specifically challenges CI Smith's observation and mention of the marijuana plant in his search warrant application. The Court finds that CI Smith's observation of the plant on the residence's porch does not constitute a warrantless search and may serve as a basis for issuing the subject warrant. See Katz v. United States, 389 U.S. 347, 351, 88 S. Ct. 507, 511, 19 L. Ed. 2d 576 (1967) ("For the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.") (citing Lewis v. United States, 385 U.S. 206, 210, 87 S. Ct. 424, 427, 17 L.Ed.2d 312; United States v. Lee, 274 U.S. 559, 563, 47 S. Ct. 746, 748, 71 L.Ed. 1202). CI Smith lawfully observed the marijuana plant in plain site, exposed to the public on the residence's porch, from outside the residence. CI Smith did not engage in an unlawful search, and his observation may serve as a basis for the August 19, 2014 search warrant.

Regardless, the Court finds that even if the issuing judge were to disregard CI Smith's mention of the marijuana plant, probable cause would still exist for the issuance of the warrant. See United States v. Johnson, 219 F.3d 790, 791 (8th Cir. 2000) ("But, we need not address whether the warrant affidavit sufficiently demonstrates the informant's reliability, because even without the informant's tip, the judge that issued the warrant had a substantial basis for concluding probable cause existed. . . . (evidence admissible if totality of circumstances provided judge issuing warrant with substantial basis to support probable cause finding).").

Because the Court finds that the issuing judge had a substantial basis upon which to conclude that probable cause existed for the issuance of the August 19, 2014 search warrant – even disregarding the affidavit's mention of the marijuana plant – (Gov't Ex. 1), the Court

recommends that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 24], be **DENIED**.

## III.    CONCLUSION

For the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

That Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 24], be **DENIED**.

Dated: November 21, 2014                              s/Leo I. Brisbois
                                                     Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

## N O T I C E

.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties **by December 5, 2014** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen (14) days of service thereof and in any event no later than **December 19, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.